642

## UNITED STATES v. STANTON (two cases).
### Nos. 12148, 12149.

United States Court of Appeals
Ninth Circuit.

Feb. 8, 1949.

Theron L. Caudle, Asst. Atty. Gen., Ellis N. Slack and James P. Garland, Sp. Assts. to Atty. Gen., and Harvey Erickson, U. S. Atty., of Spokane, Wash., for appellant.

Paine, Lowe & Coffin, R. E. Lowe and Alan P. O'Kelly, all of Spokane, Wash., for appellees.

Before MATTHEWS, HEALY and BONE, Circuit Judges.

PER CURIAM.

These appeals are from judgments entered on July 26, 1948, in favor of appellees (Violet E. Stanton and Fred L. Stanton) in actions by appellees against appellant (the United States) for the recovery of taxes claimed to have been illegally collected from appellees.

The appeals were taken on September 23, 1948—the 59th day of the 60-day period prescribed in Rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.[1] They were taken by filing notices of appeal, as provided in Rule 73(a). To secure a review of the judgments appealed from, appellant was required to take further steps, including those prescribed in Rule 73(g) of the Federal Rules of Civil Procedure.[2] Thus appellant was required to have the records on appeal filed with this court and the appeals docketed within the 40-day period prescribed in Rule 73(g) or a valid extension thereof. Appellant did not have the records on appeal filed with this court or the appeals docketed within the 40-day period,

[1] Rule 73(a) provides: "When an appeal is permitted by law from a district court to a circuit court of appeals the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from unless a shorter time is provided by law, except that in any action in which the United States or an officer or agency thereof is a party the time as to all parties shall be 60 days from such entry * * * A party may appeal from a judgment by filing with the district court a notice of appeal. Failure of the appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal but is ground only for such remedies as are specified in this rule or, when no remedy is specified, for such action as the appellate court deems appropriate, which may include dismissal of the appeal. * * *"

[2] Rule 73(g) provides: "The record on appeal * * * shall be filed with the appellate court and the appeal there docketed within 40 days from the date of filing the notice of appeal * * * In all cases the district court in its discretion * * * may extend the time for filing the record on appeal and docketing the appeal, if its order for extension is made before the expiration of the period for filing and docketing as originally prescribed or as extended by a previous order; but the district court shall not extend the time to a day more than 90 days from the date of filing the first notice of appeal." In each of these cases, the first and only notice of appeal was filed on September 23, 1948.

but did within that period obtain from the District Court an order extending the time for filing and docketing to December 21, 1948—the 89th day of the 90-day period prescribed in Rule 73(g). There was no further extension. The records on appeal were not filed with this court, nor were the appeals docketed, until January 10, 1949—20 days after the expiration of the extended time for filing and docketing.

Because of appellant's failure to comply with Rule 73(g), appellees have moved to dismiss the appeals. No valid excuse for the failure is shown. The failure does not affect the validity of the appeals, but—since no remedy is prescribed in Rule 73—is ground for such action as we deem appropriate.[3] The action we deem appropriate is dismissal of the appeals.[4]

Appeals dismissed.

---

[3] See Rule 73(a).

[4] Cf. United States v. Gallagher, 9 Cir., 151 F.2d 556.