ELVA SAVAGE DOOLITTLE, APPELLANT *v.* JAMES H. DOOLITTLE, JR., RESPONDENT.

No. 3769

November 3, 1953.                    262 P.2d 955.

*Roger D. Foley,* of Las Vegas, for Appellant.

*Milton W. Keefer,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This matter is before us on counter motions of the parties. The proceedings were initiated July 7, 1953 by the filing by appellant of a motion for an order extending the time for filing and docketing the appeal herein. Respondent has now moved to dismiss the appeal upon the ground that the appeal has not been docketed nor the record on appeal filed within the time provided by rule.

Rule 73(g), N.R.C.P., in pertinent part provides: "The record on appeal as provided for in Rules 75 and 76 shall be filed with the appellate court and the appeal there docketed within 40 days from the date of filing the notice of appeal;  *  *  *.  In all cases the district court in its discretion and with or without motion or notice may extend the time for filing the record on appeal and docketing the appeal, if its order for extension is made before the expiration of the period for filing and docketing as originally prescribed or as extended by a previous order; but the district court shall not extend the time to a day more than 90 days from the date of filing the first notice of appeal."

By an agreed statement of facts it appears that the notice of appeal and bond on appeal were timely filed with the clerk of the court below March 25, 1953; that on that date appellant served and filed a designation of

the contents of the record on appeal pursuant to Rule 75(a), N.R.C.P.; that subsequently respondent served and filed a designation of additional matters to be included; "that the clerk of the district court * * * did not complete preparation of the matters designated by the parties to constitute the record on appeal until the 4th day of June, 1953; * * * That the said record has not as of the date hereof been filed in this court."

No reason is assigned by appellant for her failure to docket the appeal and file the record within the time prescribed, save the fact that preparation of the record by the clerk of the district court had not been completed. No reason is assigned for her failure to secure an extension of time from the district court within the time provided. In our view there has been complete failure to show excusable neglect.

Our rule 73(g) is substantially identical with rule 73 (g) of the federal rules of civil procedure, 28 U.S.C.A. Under circumstances such as exist here, the federal authorities are overwhelmingly in accord that the appeal must be dismissed. Mulvaney v. Lever Bros. Co., C.C.A. 6th Cir., 158 F.2d 956; Gammill v. Federal Land Bank, C.C.A. 7th Cir., 129 F.2d 501; United States ex rel. Rempas v. Schlotfeldt, C.C.A. 7th Cir., 123 F.2d 109, 111; United States v. Consolidated Freightways Inc., C.C.A. 9th Cir., 178 F.2d 756; United States v. Stanton, C.C.A. 9th Cir., 172 F.2d 642; National Union of Marine Cooks and Stewards v. Matson, C.C.A. 9th Cir., 171 F.2d 179; Tucker Products Corp. v. Helms, C.C.A. 9th Cir., 171 F.2d 126; Citizens' Protective League, Inc. v. Clark, 85 U.S.App.D.C. 282, 178 F.2d 703; Maghan v. Young, 80 U.S.App.D.C. 395, 154 F.2d 13.

As stated in United States ex rel. Rempas v. Schlotfeldt, supra, [123 F.2d 111] "The rules of procedure were intended to expedite and simplify the practice and procedure. Ample provision is made in the rules to

relieve against hardship and excusable neglect. There is no room for inexcusable neglect and long delay, and where both appear, as in this case, it seems to us a good time to indicate that the rules of this court and of the Code of Civil Procedure have some meaning and purpose."

In Gammill v. Federal Land Bank, supra [129 F.2d 502] it is stated, "While the Rules of Civil Procedure provide that, with the exception of the requirement of timely notice of appeal, none of the steps to secure review of a judgment appealed from are jurisdictional (Rule 73[a],), it is clear that the rules are expected to be followed, and that unless reasons satisfactory to the court are advanced as a basis for special relief from their provisions, it will take such action as it deems appropriate. In this case, such action would be denial of leave to docket the appeal, * * *." This position is in accord with that of this court under our own supplementary rules of court prior to adoption of N.R.C.P. Roberts v. Roberts, 63 Nev. 459, 174 P.2d 611.

Appellant's motion is denied. Respondent's motion is granted and the appeal dismissed.