HELEN COLE, DEFENDANT-APPELLANT, *v.* FRANK COLE, PLAINTIFF-RESPONDENT.

No. 3807

September 28, 1954.                    274 P.2d 358.

*Goldberg & Birnbaum,* of Syracuse, New York; and *Bruce D. Roberts,* of Reno, for Appellant.

*Griswold, Vargas, Dillon & Bartlett,* of Reno, for Respondent.

## OPINION ON MOTION TO DISMISS

*Per Curiam:*

This is before us upon motion of respondent to dismiss the appeal for failure to docket the appeal and file the record on appeal within the time provided by rule 73(g), Nevada Rules of Civil Procedure. Appellant has filed a counter motion for an order permitting these steps now to be taken.

The appeal was timely taken by appellant on August 14, 1953. No further steps were taken by her with reference to the appeal until the filing of her motion herein on July 21, 1954, after respondent had moved dismissal of the appeal. Appellant's explanation of her neglect is that she was without counsel, her attempts to secure counsel having been in vain until shortly before the hearing upon these motions; that her residence is in the state of New York and her attempts of necessity were by mail.

The attorneys who had represented appellant upon trial withdrew from the case after judgment. A new attorney was then retained for the sole purpose of taking the appeal and thereafter determining whether he chose to proceed with the appeal. In October, 1953, he notified appellant that he would not proceed with the appeal and advised her that if she desired to proceed with the matter she would have to secure other counsel.

While appellant states generally that her attempts to secure counsel were unsuccessful, she has failed to recite her efforts in that regard or to give this court any factual basis for determining that she had proceeded with diligence. The record contains one reference to an unsuccessful attempt with no specification of date. We are left with the fact that from October, 1953, until after respondent had moved for dismissal, a period of some nine months, appellant had failed to secure counsel and proceed with her appeal in accordance with the advice of her last attorney. Clearly appellant has failed to meet the burden of justification for this extraordinary

neglect. Doolittle v. Doolittle, 70 Nev. 163, 262 P.2d 955; Bank of Nevada v. Drayer-Hanson, Inc., 70 Nev. 417, 270 P.2d 668.

The motion of respondent is granted; that of appellant is denied. Appeal dismissed.