GARIBALDI BROS. TRUCKING CO., A Corporation, and CHARLES F. THOMAS, Appellants, *v.* HELEN WALDREN, Respondent.

No. 3899

January 19, 1956.                     292 P.2d 356.

*Vargas, Dillon & Bartlett* and *Springer & McKissick,* of Reno, for Appellants.

*Leslie E. Riggins,* of Reno, for Respondent.

## OPINION

*Per Curiam:*

Respondent has moved under Rule 73 (a)[1] N.R.C.P. to dismiss the appeal of appellant for untimely filing of

---

[1] "* * * Failure of the Appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal, but is ground only for such remedies as are specified in this rule or, when no remedy is specified, for such action as the appellate court deems appropriate, which may include dismissal of the appeal. * * *.

the record on appeal, as required by Rule 73 (g)[2]. The chronology of the pertinent filings etc. is as follows:

Feb. 5, 1955—Judgment.

Feb. 9, 1955—Notice of judgment.

Feb. 19, 1955—Motion for new trial.

April 1, 1955—Notice of denial of motion for new trial.

May 2, 1955—Notice of appeal and bond on appeal.

June 2, 1955—Clerk's record on appeal certified.

June 11, 1955—Time to file record expires.

June 14, 1955—Supersedeas bond filed.

July 5, 1955—Transcript of proceedings certified by court reporter.

July 5, 1955—District judge's order extending time to July 20 to file record.

July 20, 1955—Record on appeal filed (39 days late).

In support of her motion to dismiss the appeal respondent relies on Doolittle v. Doolittle, 70 Nev. 163, 262 P.2d 955, Bank of Nevada v. Drayer-Hanson, 70 Nev. 416, 270 P.2d 668; and Cole v. Cole, 70 Nev. 486, 274 P.2d 358. Appellants maintain that the delay in filing the record was the result of excusable neglect and have filed sundry affidavits from which the following facts appear: During the second week of May, 1955, Mr. Howard F. McKissick, Jr. was contacted by Mr. John C. Bartlett who stated that by reason of his heavy court calendar he would appreciate help in briefing the case for this court. Mr. McKissick was at the time employed by the firm of Pike & McLaughlin, but advised of his intention to form a new partnership on June 1,

---

[2] "The record on appeal as provided for in Rules 75 and 76 shall be filed with the appellate court and the appeal there docketed within 40 days from the date of filing the notice of appeal; * * * In all cases the district court in its discretion and with or without motion or notice may extend the time for filing the record on appeal and docketing the appeal, if its order for extension is made before the expiration of the period for filing and docketing as originally prescribed or as extended by a previous order; but the district court shall not extend the time to a day more than 90 days from the date of filing the first notice of appeal."

1955 and anticipated that he would have time after that date. On May 12 designation of contents of record on appeal and order for transmittal of original papers to the supreme court were prepared and filed and on May 12 respondent designated two additional items for inclusion in the record. During all of June and the first part of July the court reporters were continually engaged and had a number of transcripts to prepare, in addition to which some of their transcribing machinery had broken down but they reported to attorney Bartlett the probability that the transcript would be prepared in time. After filing the bond on appeal, appellants submitted a net worth statement of the appellants in the thought that under the showing thereof a supersedeas bond might be waived. On June 2 respondent declined to waive a supersedeas and the same was furnished June 14. During the first week in July attorney McKissick learned from the court reporters that the transcript had not been prepared and that the 40-day limitation of the rule had expired. He also learned that attorney Bartlett had been out of town for several weeks and that Bartlett had anticipated either that the complete record would have been prepared and docketed or that attorney McKissick would have obtained an extension. McKissick, however, on this his first appeal, thought that the time had not expired or that an extension had been obtained or that, under the California practice, the court reporter, unable to complete the transcript in time, would have obtained the extension. At once, on July 5, as noted, an order extending time for filing the transcript to July 20 was presented to and signed by Judge Maestretti, who expressed his misgivings at the time. On July 8 the record was ready for filing, but attorney McKissick, confronted with the costs of transmission of the extensive record to Carson City, decided to carry the record there personally at the time of meeting a trial engagement in Carson City on July 20, on which date the record was filed. Six days thereafter, on July 26, 1955, respondent filed her motion to dismiss the appeal and gave notice by mail.

The delay above noted from July 8 to July 20 could and should of course have been avoided. There was also a delay from the appeal of May 2 to the ordering of the transcript from the reporter on May 13, but this delay of eleven days for such purpose (still leaving some 30 days available) would not in itself, in our opinion, constitute neglect.

Appellants do not seriously urge that the district court's order of July 5 extending the time (which had expired on June 11) to July 20 to file the record was effective for that purpose. Rule 73 (g) ; United States v. Gallagher, 9 Cir., 151 Fed.2d 556; Citizens' Protective League v. Clark, 85 U.S. App. D.C. 282, 178 Fed.2d 703. They do maintain however that a very persuasive case of excusable neglect has been shown not only in the untimely filing of the record but also in the failure to obtain an order of extension as permitted by the appropriate rules. Without detracting to any extent whatsoever from the force of our opinions in the Doolittle, Drayer-Hanson and Cole cases, supra, we are inclined to exercise our discretion to the extent of holding that a case of excusable neglect has been shown. The three named cases in which we dismissed the respective appeals were based on facts differing substantially from those appearing here, in which no substantial prejudice will result, in which many of the circumstances were unavoidable, in which it was at all times manifest that appellants desired and intended in good faith to perfect their appeal, in which there was no long delay (beyond the unavoidable delay in the court reporter's transcribing of the proceedings), and in which we find the neglect excusable. There can be no doubt but that an order of extension would, if sought, have been automatically granted. Hotels El Rancho v. Pray, 64 Nev. 22, 176 P.2d 236.

The motion to dismiss is denied and appellants are given fifteen days from date within which to serve and file their opening brief on the merits.