LOUIS DREYER, APPELLANT, *v.*
LEA DREYER, RESPONDENT.

No. 4100

June 3, 1958.                                        325 P.2d 705.

(Petition for rehearing denied June 3, 1958.)

*Gordon C. Shelley* and *Harry A. Busscher,* of Reno, for Appellant.

*Pike & McLaughlin* and *John W. Barrett,* of Reno, and *Jerome L. Schiller,* of San Francisco, California, for Respondent.

# OPINION

*Per Curiam:*

Respondent docketed the above appeal in order to interpose her motion to dismiss. Rule 75(j) NRCP. The motion is supported by affidavits showing the following facts: She had previously been awarded certain community belongings and funds by the Superior Court of California in and for the City and County of San Francisco. Thereafter appellant filed his complaint for divorce in the Second Judicial District Court of Nevada in and for Washoe County. Various pleadings were filed in that action, including respondent's counterclaim and motion for allowances. In that action she recovered judgment which included an order to appellant to pay respondent certain sums of money, with which he has entirely failed to comply. Appellant filed and served his notice of appeal from that judgment and his undertaking for costs on appeal June 21, 1957. Thereafter he failed to serve or file any designation of record on appeal or statement of points on which he intended to rely on appeal. He ordered no transcript of the court reporter's record and failed to cause the record on appeal to be filed within 40 days from the date of filing the notice of appeal. Time for filing such record expired July 31, 1957. These omissions were in violation of the provisions of Rule 75(a), (b) and (d), NRCP.

Opposition to the motion was filed by way of a statement by appellant's attorneys, Gordon C. Shelley and Harry A. Busscher, alleging, inter alia, that the appeal is taken in good faith on the contention, without further explanation, that the lower court was without jurisdiction "to enter such judgment"; that the failure to comply with the requirements of NRCP was the result of excusable neglect. As to the details of the neglect separate factual statements have been filed by Mr. Shelley, Mr. Busscher, and L. William Paul, who formerly was also of counsel. While the details of these statements to some extent are in conflict, such disputes need not here be resolved. It would appear that through confusion and misunderstanding between counsel as to their individual responsibilities relative to the perfecting of the appeal the necessary steps were not taken.

Considering the extent of the lapse of time here involved we are of the opinion that the showing is insufficient to constitute excusable neglect, and that the motion to dismiss the appeal must be granted. Doolittle v. Doolittle, 70 Nev. 163, 262 P.2d 995; Bank of Nevada v. Drayer-Hanson Inc., 70 Nev. 416, 270 P.2d 668.

Respondent asserts that the appeal is frivolous and sham and moves that she be awarded $500 as damages. The only authorities cited in support of said motion are Padilla v. Mason, 53 Nev. 226, 296 P. 1083, and Wilson v. Goldring, 58 Nev. 154, 72 P.2d 1109. At the time of the orders made in those cases sec. 8906, NCL 1929, contained the following provision: "* * * and when it appears to the appellate court that the appeal was made for delay, it may add to the costs such damages as may be just." The statutes now in effect do not contain this provision.

The appeal is hereby dismissed, with costs to respondent incurred in the docketing of said appeal, preparation of the record, motion and supporting papers. The motion for damages is denied.