ALEX NOVACK & SONS, a California Corporation, and MURPHY JOHNSON, Appellants, *v.* PATRICIA HOPPIN, Widow of William Hoppin, PATRICK HOPPIN by his Mother and Guardian Ad Litem, Patricia Hoppin; BILLY HOPPIN, by His Mother and Guardian Ad Litem, Patricia Hoppin; CARRIE LYNN HOPPIN, by Her Mother and Guardian Ad Litem, Patricia Hoppin; and HOLLY ALICE HOPPIN, by Her Mother and Guardian Ad Litem, Patricia Hoppin, Respondents.

No. 4251

November 10, 1959

345 P.2d 769

*Goldwater, Singleton, Dickerson and Miles,* of Las Vegas, for Appellant Novack & Sons.

*Deaner, Butler and Adamson,* of Las Vegas, for Appellant Johnson.

*Robert Callister,* of Las Vegas, and *Melvin Belli,* of San Francisco, California, for Respondents.

# OPINION

## ON MOTION TO DISMISS

*Per Curiam:*

On the 4th day of May 1959 final judgments based on jury verdicts were entered in the court below in favor of respondents and against appellants. On July 15, 1959 motions to set aside the verdicts and for new trial were denied by a written order. Thereafter, on the same day, July 15, 1959, the corporate appellant served and filed its notice of appeal and on July 20, 1959, the individual appellant did likewise.

On August 3, 1959 appellants, upon application of William Singleton as counsel for defendants (appellants), obtained a written order from the court below extending the time for filing the record on appeal and docketing appeal to October 22, 1959. As to the corporate appellant this was nine days more than the permissible period of extension provided by NRCP 73(g) and it was four days more as to the individual appellant. The corporate appellant docketed the record on appeal with the clerk of this court on October 22, 1959.

On October 28, 1959, pursuant to the request of appellants, an order was made herein that the record on appeal filed by the corporate appellant "may be used by each and all appellants with the same force and effect as if each of the appellants individually had filed said record on appeal as its or his record on appeal."

No copy of the record on appeal was furnished counsel for respondents, but they were advised that a copy would be available for their use in the Clark County Law Library or at any other convenient place.

## MOTION TO DISMISS APPEAL OF APPELLANT ALEX NOVACK & SONS, A CALIFORNIA CORPORATION

Under said Rule 73(g), the last day the district court could have allowed for docketing the appeal of the corporate appellant was October 13, 1959. The district court was without authority to extend the period beyond this date. The failure to file the record on appeal within the

time allowed by law does not deprive this court of jurisdiction and in case of excusable neglect this court, in the exercise of its discretion, may disregard the late docketing. Garibaldi Bros. v. Waldren, 72 Nev. 12, 292 P.2d 356.

If this appellant had availed itself of the full 30 days for appeal as allowed by NRCP 73 (a) and the trial court had then extended the time for docketing the appeal for the full 90-day period, the appellant would then have had until November 12, 1959 within which to have docketed its appeal.

It appears from the record herein that the order signed by the district court extending the time inadvertently designated the time as October 22 instead of October 12 and that the oversight was not recognized by appellant's counsel until the 21st day of October 1959. No motion to dismiss was filed herein until November 2, 1959, 11 days after the record was docketed.

It further appears that an extension of time within which to docket the appeal had been required because of the inability of the court reporter to prepare the transcript of the testimony prior to October 2, 1959.[1] It appears that this appellant at all times acted in good faith to perfect its appeal. The record fails to show that the respondent has in any way been prejudiced by a failure to docket the appeal on or before October 13, 1959. Under all of these circumstances we feel that the neglect to do so within the time allowable was excusable.

Respondents contend that the appeal should be dismissed because this appellant failed to furnish respondent a copy of the record on appeal as required by NRCP 75.

In Tryba v. Fray, 74 Nev. 320, 330 P.2d 499, 500, we stated:

"Rule 75 would appear to be in a state of confusion as to the necessity for service upon opposing parties of a

---

[1]The reporter's charges for preparation of the original transcript and one copy thereof was $1,101.26. Only one copy had been ordered by appellant, and respondents were informed by the court reporter of such fact before she started to prepare the same.

copy of the transcript of testimony included in a record on appeal. Rule 75 (b) dealing with the transcript appears clearly to contemplate that no copies need be provided, but that the copy filed with this court shall be available for the use of the other parties.

"Undoubtedly the rule should be clarified to eliminate apparent inconsistencies. Until such clarification is accomplished it is the view of this court that Rule 75 (o) should be read consistently with Rule 75 (b) and that no copy of the transcript in the case need be served upon opposing counsel."

Since that decision, Rules 75 (b) and 75 (g) were amended so as to require the furnishing of a copy of the transcript to counsel for each party appearing separately.[2] These amendments became effective on October 1, 1959 and it seems that the state of confusion still exists inasmuch as neither the appellant nor the respondents on October 2, 1959 seem to have had knowledge of the amendment of the rules at the time the transcript of the testimony was made available by the court reporter.

The nature of this case involving judgments in excess of $225,000 and containing important legal questions for a decision forces us to the conclusion that the failure to furnish the copy of the transcript of trial and proceedings does not warrant the dismissal of the appeal on this ground under the circumstances herein presented.

The decision in this case recognizing the amendment of Rule 75 is expected to end any confusion which has heretofore existed regarding the necessity for appellant to deliver a copy of the reporter's transcript of the evidence to the counsel for each party appearing separately.

---

[2]When the original and one copy of the transcript was ordered by counsel for appellant on or about July 31, 1959, at that time, under the decision of Tryba v. Fray, supra, it was incumbent upon respondents to order and pay for their own copy of the reporter's transcript if they desired one, then knowing that only the original and one copy had been ordered.

### Motion to Dismiss Appeal of
### Appellant Johnson

What has been said regarding the appeal of Alex Novack & Sons applies as well to the appeal of Murphy Johnson.

There are two other matters to consider with respect to the Johnson appeal.

Respondents contend that Johnson has not docketed any record on appeal with this court, unless the record on appeal on file herein is considered the record on appeal for both appellants.

It is plainly evident from the record that it was intended by the parties to be the record on appeal of both said appellants (as well as the record on appeal of a consolidated case with which we are not now concerned). The record contains the notice of appeal, the bond on appeal, and the designation of contents of record on appeal of each appellant. Also, the filing fee of each appellant has been paid to the clerk.

This court in making its said order of October 28, 1959 noted the contents of the record on appeal and finding it comprised a record applicable to each appellant, ordered the appeals consolidated for oral argument on the one record of appeal in accordance with NRCP 75(b).

The contention that appellant Johnson has not docketed any record on appeal is without merit.

The order extending time for filing the record on appeal appears on its face to have been obtained on behalf of both appellants upon the application of William Singleton, their attorney. The fact that William Singleton theretofore and since has appeared only in the capacity of attorney for Alex Novack & Sons is not material.

Motions to dismiss are denied.