MARJORIE McDOWELL, APPELLANT, v. ROBERT A. DRAKE AND HERMAN BAKER, DBA DELUXE TAXI SERVICE, RESPONDENTS.

No. 4387

March 17, 1961 360 P.2d 257

*Guild, Busey and Guild* and *Gordon W. Rice*, of Reno, for Appellant.

*Woodburn, Forman, Wedge, Blakey and Thompson*, of Reno, for Respondents.

ON MOTION TO DISMISS APPEAL

OPINION

*Per Curiam:*

Respondents have moved to dismiss the above-captioned appeal for failure of appellant to file the record on appeal and to docket the same in this court within the time prescribed by Rule 73 (g) NRCP. In opposition to the motion, appellant has filed a 26-page brief, with a 9-page appendix of affidavits, reciting facts upon which appellant relies and reviewing our many decisions in which we have either granted or denied motions to dismiss.

The notice of appeal herein was filed July 7, 1960, and the time to file the record on appeal expired August 16, 1960. The record was actually filed November 30, 1960, some 3½ months late. Excusable neglect is sought to be shown by reason of the fact that, of the two attorneys representing the appellant, each thought that the other was perfecting the appeal through proper and timely filing of the record. This is supported by lengthy affidavits which also recite the financial difficulties of the appellant, her inability to produce funds to pay for the transcript, delay by the reporter, absence of each attorney from his office on important legal matters, etc. No purpose will be served by reviewing the situation at length. In our opinion the delay and the neglect were not excusable. Hartstone v. Hartstone, 75 Nev. 107, 335 P.2d 431; Dreyer v. Dreyer, 74 Nev. 167, 325 P.2d 705; Cole v. Cole, 70 Nev. 486, 274 P.2d 358; Doolittle v. Doolittle, 70 Nev. 163, 262 P.2d 955.

Aside from the question of excusable neglect, appellant contends that the court should deny a motion to dismiss where a substantial question on the merits of the appeal and a possible reversible error is present, citing Pyramid Motor Freight Corp. v. Ispass, 330 U.S. 695, 67 S.Ct. 954, 91 L.Ed. 1184.

Without deciding this point we are satisfied from the briefs that the "substantial question" for consideration on appeal would not be an error of law committed by the court but the asserted error of the jury in its determination of the facts. If we were required to consider errors other than that asserted in the briefs, it would necessitate a review as on the merits of the entire record on appeal. This we do not feel inclined to do in a disposition of a motion to dismiss.

The appeal is hereby dismissed.