364 P.2d 407 (1961)
In the Matter of the ESTATE of Henry C. McLEAN, Deceased.
UNITED STATES OF America, Appellant,
v.
Harriet P. McLEAN, Respondent.
No. 4424.
Supreme Court of Nevada.
August 23, 1961.
Howard W. Babcock, U. S. Atty., and Chester C. Swobe, Asst. U. S. Atty., for appellant.
Richard C. Bennett, Reno, for respondent.
PER CURIAM.
In 1956 the lower court entered its order granting an allowance of $1,500 a month to decedent's widow. In 1961, United States of America, residuary legatee under decedent's last will, filed a motion to terminate that allowance. The court below denied that motion. The United States appeals from the order denying its motion to terminate the widow's allowance. The widow has filed a motion to dismiss the appeal, contending (1) that the order is not appealable, (2) that the record on appeal was not docketed within 40 days from the date of filing of the notice of appeal, and no extension of time was granted therefor, (3) that a statement of points was not served upon respondent, and (4) that a copy of the record on appeal was not furnished respondent.
1. In our view, an order denying a motion to terminate a widow's allowance is appealable because of the provisions of NRS 155.190 reading, in part, as follows: "* * * an appeal may be taken to the Supreme Court from an order or decree: * * * (5) Granting or modifying a family allowance. * * * (13) Refusing to make any order heretofore mentioned, * * *."
The California decisions relied upon by movant-respondent each deal with a motion to vacate a prior order granting a widow's allowance. In each case the California court held that an order denying a motion *408 to vacate the prior order granting widow's allowance was not appealable. In re Fallon's Estate, 49 Cal.2d 402, 317 P.2d 963, 308 P.2d 389; In re Caldwell's Estate, 67 Cal. App.2d 652, 155 P.2d 380; California Probate Code, Sec. 1240. The party believing himself aggrieved must appeal from the order granting the widow an allowance. He may not mark time, and at some later date move to vacate that order, and appeal from the court's refusal to do so.
The instant case does not involve a motion to vacate a prior order granting a widow's allowance, and an appeal from the court's denial of such motion. Rather, it concerns itself with a motion to terminate a prior order granting a widow's allowance, and an appeal from the court's denial of such motion. In presenting that motion to the lower court, the United States contended that the assets of the estate were being wasted, and the interest of the United States as residuary legatee prejudiced. It asked that the widow's allowance be terminated. The relief sought was directed to the future, not the past, thus distinguishing this case from the California decisions above referred to. We believe the lower court's refusal to terminate the widow's allowance to be a "refusal to modify a family allowance," and appealable because of the express provisions of NRS 155.190 (5) (13) above quoted.
2. The record on appeal, though not docketed within 40 days from the date of filing the notice of appeal, was docketed within 90 days thereof. Undoubtedly, appellant would have been granted an extension of time by the district court, had request been made. Its oversight in this regard, and the explanation therefor, we find to be excusable and within the authorities of Garibaldi Bros. v. Waldren, 72 Nev. 12, 292 P.2d 356; Novack & Sons v. Hoppin, 75 Nev. 475, 345 P.2d 769; and Berto v. Wilson, 73 Nev. 162, 312 P.2d 635, and not within the holdings of Doolittle v. Doolittle, 70 Nev. 163, 262 P.2d 955; Bank of Nevada v. Drayer-Hanson, Inc., 70 Nev. 416, 270 P.2d 668; Cole v. Cole, 70 Nev. 486, 274 P.2d 358; or McDowell v. Drake, 77 Nev. 136, 360 P.2d 257; Board of Trustees of Douglas County School District, et al. v. Savage, 77 Nev. 327, 363 P.2d 354.
3. The record on appeal does not disclose prejudice to respondent resulting from appellant's failure to strictly comply with NRCP, Rule 75(d) and (g) dealing with service of the statement of points and transmittal of a true copy of the record on appeal. Basic Refractories v. Bright, 71 Nev. 248, 286 P.2d 747. Each has been supplied respondent since the docketing of the record on appeal with this court.
For the reasons stated, respondent's motion to dismiss this appeal is denied.
McNAMEE, J., did not participate in the consideration or determination of this motion.