IN THE MATTER OF THE ESTATE OF
HENRY C. McLEAN, DECEASED.
UNITED STATES OF AMERICA, APPELLANT, *v.*
HARRIET P. McLEAN, RESPONDENT.

No. 4424

February 22, 1962                           368 P.2d 872

*John W. Bonner,* United States Attorney for Nevada, and *Thomas R. C. Wilson, Jr.,* Assistant United States Attorney. Of Counsel:

*Nicholas deB. Katzenbach, Howard E. Shapiro,* and *Mary C. Lawton,* Department of Justice, Washington, D. C., for Appellant.

*Richard C. Bennett,* of Reno, for Respondent.

## OPINION

By the Court, McNamee, J.:

This is an appeal from an order denying appellant's motion to terminate a widow's allowance. Heretofore herein we have held that such an order, being in the nature of an order refusing modification of a family allowance, is appealable. United States v. McLean, 77 Nev. 331, 364 P.2d 407.

It appears from the record and the agreed statement of facts that the lower court on November 2, 1956 made an order for such allowance. The then executor of the estate appealed to this court from that order. Although appellant is the chief and residuary beneficiary under the will of decedent, it did not appeal. The executor's appeal was dismissed on April 23, 1957.

Thereafter the executor presented to the lower court his motion to vacate and set aside the order for allowances, which was considered by the lower court not only as a motion to vacate the original order but also as a motion to terminate payments under the original order. That motion, as here, was based on the impropriety of making such order originally and on the ground that the widow had wrongfully initiated and conducted litigation against the estate which unduly has prolonged settlement of the estate. On April 29, 1958 the court found that the said litigation "had been pursued with diligence and in an orderly manner," and denied the motion, giving the executor the right to renew the

motion to terminate if it later appeared that the litigation was being unduly prolonged. The appellant was not a party to the executor's motion to vacate.

Appellant's written motion to terminate the allowance was filed in the lower court on February 3, 1961, and therein it moved the court for an order terminating the widow's allowance on the following grounds: (1) that as a nonresident widow who had been living apart from her husband at the time of his death, she is not entitled to a widow's allowance; (2) that a widow's allowance is not necessary for her support and maintenance; and (3) that the estate is being wasted and the interest of the United States as residuary legatee prejudiced as a result of the continuance of the widow's allowance and because of delays caused by the widow. The order denying this motion (and from which this appeal is taken) was made February 10, 1961. Although the written motion recites that the United States in making the (oral) motion would "rely on the pleadings, transcript of testimony, depositions, records and documents of record in this cause, and in No. 149352, to show that the moving party is entitled to an order terminating the widow's allowance," there is nothing in the record in the nature of evidence or court minutes to show what matters were offered in evidence or considered by the lower court in its denial of appellant's motion.

The necessity for some record on the hearing of any motion becomes apparent from NRCP 52(a) which provides that findings of fact and conclusions of law are unnecessary on decisions of any motion.

The absence of the record on the hearing of the motion below was during oral argument in this court, called to the attention of counsel for appellant. On their request permission was granted for them to apply for an order to supplement the record on appeal in this respect. Such application was made to this court and denied for the reason that the proffered supplemental record gave no indication that the matters contained therein were offered in evidence or considered by the trial court in its ruling on the motion.

We thus are faced with the bare assertion of counsel that the lower court abused its discretion in refusing to terminate the allowance.

It is conceded that the first two grounds upon which the motion was based pertain to the propriety of making the original order for an allowance. That order was appealable under NRS 155.190(5), and no appeal having been taken therefrom by the United States it became final. We will not, on a motion to terminate the allowances, review such action of the lower court based on such grounds. With respect to the third ground, that the estate is being wasted because of the conduct of the widow in unnecessarily delaying the closing of the estate, this was a matter for the court to determine from the evidence.

We have no way of determining what evidence, if any, was considered by the lower court which resulted in the exercise of its discretion to deny appellant's motion. In the absence thereof, we cannot assume that the lower court was guilty of an abuse of discretion. Anderson v. Havas, 77 Nev. 223, 361 P.2d 536.

Affirmed.

BADT, C. J., and THOMPSON, J., concur.