LANDMARK PLAZA, INC., APPELLANT, *v.* RALPH DELIGATTI, DBA COZY NOOK RESTAURANT, RESPONDENT.

No. 4695

February 7, 1964                    389 P.2d 81

*John G. Spann,* of Las Vegas, for Appellant.

*John Manzonie,* of Las Vegas, for Respondent.

**OPINION**

*Per Curiam:*

Respondent has moved this court to dismiss the appeal herein on several grounds relating to untimely action taken by appellant in perfecting its appeal and for appellant's failure to perform certain acts required by rules of procedure. A chronology of events is as follows:

April 19, 1963—Judgment for defendant-respondent.

May 3, 1963—Notice of entry of judgment served and filed.

May 6, 1963—Motion for new trial served and filed.

June 10, 1963—Order refusing new trial.

July 9, 1963—Notice of appeal from the judgment and the order refusing a new trial served and filed.

July 17, 1963—Appellant permitted to reargue the motion for new trial and the motion was again denied.

July 29, 1963—A second notice of appeal from the judgment and the order of July 17, 1963 denying the motion for new trial was served and filed.

September 6, 1963—Order by district court extending time until October 7, 1963 for filing record on appeal in supreme court.

October 4, 1963—Designation of contents of record on appeal filed but never served on defendant-respondent.

October 9, 1963—Order by a member of the supreme court granting an additional period of 15 days within which to file the record on appeal.

October 22, 1963—Undertaking on appeal filed.

October 24, 1963—Record on appeal docketed in this court.

The service of the motion for new trial was timely, having been made on May 6, 1963, less than 10 days after service of written notice of the entry of judgment. NRCP 59(b).

The July 9, 1963 notice of appeal was timely, because it was served and filed within 30 days from the denial of the motion for new trial. NRCP 73(a).

The action of the trial court in reconsidering the motion for new trial and again denying the motion after a notice of appeal from the judgment and the denial of a new trial had been served does not extend the time within which to docket the record on appeal.

Under NRCP 73(g) appellant was allowed 40 days from July 9, 1963, the date of the filing of the notice of appeal, within which to docket the record on appeal in this court. The filing of the second notice of appeal on July 29, 1963 after the trial court reconsidered the motion for new trial and denied the same did not extend the time for docketing the appeal. Consequently, the last day for docketing the appeal, in the absence of an extension of time, would have been August 18, 1963. Rule 73(g) provides: "In all cases the district court in its discretion and with or without motion or notice may extend the time for filing the record on appeal and docketing the appeal, if its order for extension is made before the expiration of the [40-day] period." The district court, after the expiration of this period and on September 6, 1963, made its first order extending until October 7, 1963 the time for docketing the appeal.

Under 73 (g) the district court was empowered within the 40-day period to extend the time to not more than 90 days from the date of filing the "first" notice of appeal. Under this provision the district court could have extended the time to October 7, 1963, but not having done so within the 40-day period the lower court lost jurisdiction to extend the time. It is to be noted that the appellant took the full 30 days within which to file the original notice of appeal; and that the last day for docketing the appeal, under the circumstances, without any proper extension thereof was August 18, 1963. The order by a member of this court of October 9, 1963 granting an additional period of 15 days within which to file the record on appeal was intended to extend the period for 15 days from and after October 7, 1963, the extension which the district court had given in its order of September 6, 1963, and was made without the knowledge that the district court had lost jurisdiction to extend the time to October 7, 1963. The record on appeal however was not docketed until October 24, 1963. Only then could this court become familiar with the status of the record. The absence of a showing of excusable neglect empowers this court to dismiss the appeal. State ex rel. Department of Highways v. Roman Catholic Bishop, 80 Nev. 1, 388 P.2d 202; Doolittle v. Doolittle, 70 Nev. 163, 262 P.2d 955.

NRCP 73 (c) provides that a bond for costs on appeal "shall" be filed with the notice of appeal. From the chronology above, the notice of appeal was filed July 9, 1963, and the undertaking or bond on appeal was not filed until October 22, 1963.

NRCP 75 (a) provides that *promptly* after an appeal is taken, the appellant shall serve upon the respondent and file with the district court a designation of the contents of the record on appeal. The appeal was taken July 9, 1963. The designation of the record on appeal was not filed until October 4, 1963 and was never served upon respondent. Respondent thereby was denied the right to

designate additional portions of the record to be included in the record on appeal. The July 9, 1963 notice of appeal is absent from the record on appeal; only the July 29, 1963 notice of appeal appears in the record. The designation specified "notice of appeal" without stating which notice. The failure to serve the designation of the record on appeal upon respondent precluded him from requesting additional portions of the record and, under the circumstances, respondent has been prejudiced thereby. Under the decisions of Dreyer v. Dreyer, 74 Nev. 167, 325 P.2d 705, and Basic Refractories v. Bright, 71 Nev. 248, 286 P.2d 747, dismissal of the appeal is proper where the designation is not served upon the respondent, and there is a showing that the respondent has been prejudiced thereby.

There is no showing of any excusable neglect in the failure of the appellant to comply with the provisions of the Nevada Rules of Civil Procedure.

Motion to dismiss granted and appeal dismissed.