## KAI SING LAM, Appellant, v. NENG YEE LAM, Respondent.

### No. 6193

December 24, 1970                    478 P.2d 146

*Jack J. Pursel,* of Las Vegas, for Appellant.

*Edward G. Marshall,* of Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Neng Yee Lam, wife of Kai Sing Lam and mother of their three children, filed for divorce in Nevada on April 13, 1967. Service of process was made by publication and personal service upon her husband outside the state. He failed to file an answer and judgment was taken by default. On May 17, 1967 the divorce decree was granted awarding custody of the children to the mother, but in the absence of personal jurisdiction over the defendant and since no property was located within the state no provisions for child support or division of property were made.

Kai Sing moved to modify the decree on February 25, 1969, which was almost two years after the decree was entered, thus, beyond the six months limitation period provided in Rule 60(b) and (c). Kai Sing requested in his motion to modify certain visitation rights of the children and volunteered certain child support payments. On March 12, 1969 Neng Yee moved on her part to modify the decree asking for a division of their property. After hearing both motions the trial court ordered the former husband to deposit funds from a Canadian bank account into a trust account from which child support would be payable and the remainder of the monies on deposit in the Canadian bank to be equally divided between the parties. It is this last order Kai Sing challenges contending that the trial court lacked jurisdiction to modify the final divorce decree respecting the property. The question principally on appeal is whether or not by entering his appearance for child support and custody that appearance supported also the division of property that had not been litigated in the principal action.

1. A judgment and decree of divorce cannot be modified, vacated or set aside except upon the terms or reasons set by rules or statute. The pertinent statute in this case is NRS 125.140(2) which specifically allows the reopening of a judgment and decree of divorce for matters relating to children

of a marriage at any time. Their welfare which, of course, is a primary duty of a trial court (Atkins v. Atkins, 50 Nev. 333, 259 P. 288 (1927)), exempts such matters from the time limitations of Rule 60(b) and (c). The court having had original jurisdiction over the children in the first instance, a motion to redetermine matters affecting their welfare unquestionably was timely and appropriate. McFarlane v. McFarlane, 73 P. 203 (Ore. 1903); 71 A.L.R.2d 1370, 1403. The personal appearance of the father, indeed, his initiating the modification proceedings caused the modification order as to custody and support to be all the more binding and enforceable.

2. The same cannot be said of the property division, however. Neither the defendant nor the property were before the court at the original trial. Properly, no provision for property division could then be made. The question is, can that division be made now when the husband's appearance was for unrelated matters and not within the six months period of Rule 60?

The issue of property was not adjudicated at the trial, therefore, it cannot be the subject of a subsequent modification proceeding without an express stipulation. This is the net effect of NRS 125.150(5). See also Schmutzer v. Schmutzer, 76 Nev. 123, 350 P.2d 142 (1960); Finley v. Finley, 65 Nev. 113, 118, 189 P.2d 334 (1948) (overruled on another point in Day v. Day, 80 Nev. 386, 395 P.2d 321 (1964)). Perhaps NRS 125.150(5), amended as of 1949, was changed for the purposes of the Finley-Schmutzer situations. Whatever the reason, by the terms of the amended statute, only a stipulation between the parties can do the job as respects their property differences. Prior to the amendment, not even a stipulation could fill the void in a modification proceeding that was created in the original proceeding. There is no stipulation respecting its disposition, therefore, the appearance of the husband is limited to matters concerning the welfare of the children and none other.

3. Consideration of other so-called issues is unnecessary. We do not accept the argument that these proceedings were in reality one of modification for the custody and child support, but a separate action as to the property. None of the characteristics of a separate action are present.

The order relating to child support is affirmed, but that

portion directing the disposition of property interests is reversed and dismissed.

BATJER and THOMPSON, JJ., and YOUNG, D. J., and GABRIELLI, D. J., concur.