BRUCE LURIA AND KAREN LURIA, APPELLANTS, *v.* REUBEN ZUCKER, AS EXECUTOR OF THE ESTATE OF ELAINE FLEISHER ZUCKER, DECEASED, RESPONDENT.

No. 6418

September 28, 1971                                488 P.2d 1159

*Lee & Beasey,* of Las Vegas, for Appellants.

*Lionel Sawyer Collins & Wartman,* of Las Vegas, for Respondent.

# OPINION

By the Court, THOMPSON, J.:

In this estate proceeding the district court set apart a probate homestead and household furniture and furnishings to the surviving husband of the deceased, Reuben Zucker, as his sole and separate property. NRS 146.020.[1] The homestead, an encumbered family residence, was the community property of the deceased and Reuben, and the community interest of the deceased therein was devised by her last will equally to Reuben and to Bruce and Karen Luria, children of a prior marriage of the deceased.[2] The setting apart order was entered early in the estate proceeding, and the objections of Bruce and Karen

---

[1] NRS 146.020: "Upon the return of the inventory or at any time thereafter during the administration, the court or judge, of his own motion, or on application, shall set apart for the use of the family of the deceased all of the personal property which is exempt by law from execution, and shall set apart the homestead, as designated by the general homestead law then in force, whether such homestead has theretofore been selected as required by law, or not, and the property thus set apart shall not be subject to administration."

[2] NRS 123.250: "1. Upon the death of either husband or wife, one-half of the community property belongs to the surviving spouse; the other half is subject to the testamentary disposition of the decedent, and in the absence thereof goes to the surviving spouse, subject to the provisions of NRS 123.260.

"2. The provisions of this section apply to all community property, whether acquired prior or subsequent to July 1, 1957."

thereto were overruled. They did not appeal at that time, and now seek to challenge the propriety of that order on this appeal from a subsequent order of the district court settling and approving the final account of the executor. Since an order setting apart property as a homestead and property claimed to be exempt from execution is, by statute, expressly made appealable [NRS 155.190(4)] a subsequent review of its validity is not authorized upon an appeal from an order approving the final account. Cf. Maitia v. Allied L. & L. S. Co., 49 Nev. 451, 248 P. 893 (1926). Notwithstanding this bar to the present effort of Bruce and Karen to challenge the propriety of the interlocutory setting apart order, it is essential that we discuss that order to some extent since it affects another assignment of error concerning the duty, if any, placed upon Reuben Zucker, to account to the estate for the rents and profits for use of the homestead.

1.   The right of a wife to dispose of her community interest in the home by will is subordinate to statutory law providing for a probate homestead. In re Davis' Estate, 194 P.2d 713 (D.C.A. Cal. 1948). Consequently, her disposition by will is subject to the right of her surviving husband and minor children to have the realty set apart as a probate homestead and to have assigned to them all personalty exempt from execution [NRS 146.020] and the property thus set apart is not subject to administration. Estate of David Walley, 11 Nev. 260 (1876). In re Cook's Estate, 34 Nev. 217, 236, 117 P. 27 (1911). If all children (in this case, Bruce and Karen) are adults, then the surviving husband is entitled to a probate homestead for his own use. In re Heywood's Estate, 84 P. 834 (Cal. 1906). In the matter at hand Bruce and Karen each was an adult when the setting apart order was made and are not entitled to an accounting for the reasonable rental value of the homestead, or other credits.[3]

2.   As already noted, the homestead was set apart from the community property of the decedent and her surviving spouse, Reuben Zucker. NRS 146.050 appears to require that, in such event, the homestead vests one-half in the surviving spouse, and one-half in her devisees. On the other hand, NRS 146.060, provides that if the decedent left a surviving spouse and no

---

[3]The district court apparently confused the objectives of the probate homestead law with those of the general homestead law, and required Reuben Zucker, the surviving spouse, to pay the estate a certain sum as though the estate was his creditor. This was error, but one to the prejudice of Reuben Zucker, from which he has not appealed.

minor child, the homestead is the property of such spouse. These statutory provisions are inconsistent when, as here, the decedent, by will, attempted to devise her community interest in the home to her husband and to children of a prior marriage. We do not here attempt to resolve that inconsistency, but mention it for possible legislative correction. The reason we do not resolve the problem is that if the setting apart order was entered pursuant to NRS 146.050, the children, as devisees, lost their right to complain by failing to timely appeal. If the setting apart order was pursuant to NRS 146.060 it was proper and unassailable.

3. Other assigned errors have been considered and are rejected as having no merit.

Affirmed.

ZENOFF, C. J., BATJER, MOWBRAY, and GUNDERSON, JJ., concur.