BERTA LOU FRENCH, APPELLANT, *v.* BETTY GENE FRENCH, RESPONDENT.

No. 7473

April 16, 1975

533 P.2d 1357

*Gordon L. Hawkins,* of Las Vegas, for Appellant.

*Paul Sorenson* and *James E. Ordowski,* of Las Vegas, for Respondent.

## OPINION

By the Court, McDANIEL, D. J.:

James B. French died testate in Las Vegas, Nevada on July 16, 1972. He left surviving his widow, Betty Gene French, the respondent, as well as William Mosley French and Tracy Alyn French, ages 16 and 12 respectively, the minor children of his former marriage to the appellant, Berta Lou French. The children reside with their mother in Texas, and had been receiving

support from decedent to the date of his death under the provision of a divorce decree.

Decedent's will was admitted to probate on August 4, 1972. By the terms of the will all of his children, including William and Tracy, were disinherited "because of prior gifts made to them." Respondent was appointed executrix and is the sole legatee and devisee under the will.

An inventory and appraisement was filed in the estate listing certain personal property and a family residence in Boulder City, Nevada. Appellant, on behalf of her minor children, petitioned the district court for a family allowance pursuant to NRS 146.030, and for an order setting aside exempt property and the homestead for the support of the minor children. Respondent filed petitions for the same relief on her behalf. Appellant contends that the district court erred in denying her petitions and granting the petitions of respondent. This appeal, which was timely filed (NRAP 4; NRCP 52(b)), was taken from the district court's orders denying appellant's motions for a family allowance and for the setting aside of homestead and exempt property, as well as from an order setting aside homestead and exempt property to respondent, all dated April 27, 1973. NRS 155.190.

Appellant also appeals from "The Order entered June 29, 1973, denying the Motion of Berta Lou French to amend findings of fact, conclusions of law and to alter or amend the Order, all dated April 27, 1973, to Amend Findings of Fact and Conclusions of Law and to Alter or Amend the Order setting aside the exempt property and homestead to surviving widow." An order denying a motion to amend findings of fact and conclusions of law is not an appealable order within NRAP 3A, formerly NRCP 72(b). See Casino Operations, Inc. v. Graham, 86 Nev. 764, 476 P.2d 953 (1970); Securities Investment Co. of St. Louis v. Donnelley, 89 Nev. 341, 531 P.2d 1238 (1973). This purported part of the appeal is dismissed. All orders affecting homesteads, exempt property and family allowances are appealable. NRS 155.190(4)(5)(13). United States v. McLean, 77 Nev. 331, 364 P.2d 407 (1961). Appellant's move to amend preserved her right to appeal from those orders which she was attempting to amend. NRCP 52(b).

1. Relying on NRS 146.060, which was in effect at the time of decedent's death and at the time appellant filed her petitions, she contends that the law requires that an interest in the probate homestead be set aside to her minor children, and, since they are not in a position to use the family residence

at Boulder City, that the probate homestead would have to be liquidated so that they could be paid for their interest, or that the widow pay a reasonable rental for the use of the children's interest.

Appellant's reliance is misplaced because NRS 146.060 was expressly repealed on March 20, 1973 by Chapter 131, 1973 Statutes of Nevada, 191. There was no saving clause in the repealing statute. ". . . [I]f a statute giving a special remedy is repealed without a savings clause in favor of pending suits, all suits must stop where the repeal finds them." South Carolina v. Gaillard, 101 U.S. 433 (1879). See cases collected in 77 ALR 1338, 1345. "It is well established that the right to a family allowance or probate homestead is not a vested right and that nothing accrues before the order granting it." In Re Blair's Estate, 269 P.2d 612 (Cal. 1954); In Re Taitmeyer's Estate, 141 P.2d 504 (Cal.App. 1953).

No orders could have been entered by the district court pursuant to the provisions of NRS 146.060 after the date of its repeal. With the repeal of NRS 146.060 there exists no statutory scheme to be followed by a district court in the designation of a recipient of the probate homestead. Therefore, it became the responsibility of that court to make the designation when an application is made pursuant to the provisions of NRS 146.020.[1]

Here the district court was required to consider the competing petition of the widow and one filed on behalf of the minor children. Both the widow and the minor children were eligible to be recipients, yet under these circumstances, where the widow was not the mother of the minor children, and they lived with their mother in a different state, either the widow or the minor children could be granted the probate homestead, but not all of them. Thus it became the responsibility of the district court to determine the recipient. A hearing was held, evidence was received and weighed, and it was concluded that the widow should be the recipient. The record supports that

---

[1]NRS 146.020: "Upon the return of the inventory or at any time thereafter during the administration, the court or judge, of his own motion, or on application, shall set apart for the use of the family of the deceased all of the personal property which is exempt by law from execution, and shall set apart the homestead, as designated by the general homestead law then in force, whether such homestead has theretofore been selected as required by law, or not, and the property thus set apart shall not be subject to administration."

conclusion. We find no error in the order of the district court setting aside the probate homestead to the respondent, and denying appellant's petition to set aside one-half of the probate homestead to the minor children, William Mosley French and Tracy Alyn French.

2. NRS 146.020 also provides that the exempt personal property "shall be set apart for the use of the family" and that said property thus set apart "shall not be subject to administration." The minor children were members of the decedent's "family" at the time of his death. Cf. In Re Foster's Estate, 47 Nev. 297, 220 P. 734 (1923); Bailey v. Bailey, 86 Nev. 483, 471 P.2d 220 (1970). It was not necessary for them to be living in the home of decedent at that time in order to qualify as members of his "family." Neither does disinheritance under their father's will affect any rights which these minor children might have to exempt personal property. In Re Lavendol's Estate, 46 Nev. 181, 209 P. 237 (1922). Cf. Luria v. Zucker, 87 Nev. 471, 488 P.2d 1159 (1971). The exempt personal property, when set aside, is an absolute interest. It is to be used to produce income or liquidated to provide funds for support. The title to the exempt property vests and becomes the property of the person to whom it is set aside, and in this respect is a type of interest different from property set aside as the probate homestead.

The language of NRS 146.020 is mandatory. Exempt property belonging to an estate is dedicated to the use of the family of the deceased and when an application is made to set apart such property the district court is required to set it apart. (Cf. Hunter v. Downs, 53 Nev. 132, 295 P. 438 (1931); In Re MacDonnell's Estate, 56 Nev. 346, 53 P.2d 625 (1936).)

However, where there is a divided family situation and, as here, the widow lives in one location and the minor children of a previous marriage live in another, the district court hearing a petition to set aside the exempt personal property on behalf of the widow and another on behalf of the minor children must in the exercise of its sound discretion determine who shall receive the property. The district judge heard and weighed the evidence presented by the competing petitioners and concluded that the minor children were amply provided for and that the

respondent was in need of support.[2] The record can be read to support that conclusion. The order setting aside the exempt personal property to the respondent and denying appellant's petition to have the exempt personal property set aside to the minor children is affirmed.

3. This court in In Re Lavendol's Estate, supra, at page 192, said: "It is only where the whole property set apart by law is not sufficient for the support of the widow, child or children that the court is authorized to make an allowance out of the estate of the deceased. The exempt property comes first, and the allowance, if necessary, follows." NRS 146.030(1).

NRS 146.030(2), unlike NRS 146.020, specifically provides that: "If the widow or any minor child has a reasonable maintenance derived from other property, and there are other persons entitled to a family allowance, the allowance shall be granted only to those who have not such maintenance, or such allowance may be apportioned in such manner as may be just."

After a hearing in which evidence concerning the incomes and circumstances of respondent, appellant and the minor children was presented, the district court, adhering to the provisions of NRS 146.030(2), exercised its discretion, denied appellant's petition, and granted respondent an allowance. We affirm that order of the district court, which was neither arbitrary nor capricious. Folks v. Folks, 77 Nev. 45, 359 P.2d 92 (1961); Brandon v. Travitsky, 86 Nev. 613, 472 P.2d 353 (1970); Szceraski v. Richard, 89 Nev. 581, 517 P.2d 791 (1973).

For the reasons set forth in this opinion affirming the orders of the district court we reject that part of the appeal from the orders refusing to alter or amend [modify] the orders denying appellant's motions for a family allowance, and the setting aside of homestead and exempt property, as well as refusing to alter or amend [modify] the order setting aside homestead and exempt property to respondent.

GUNDERSON, C. J., and BATJER, ZENOFF, and THOMPSON, JJ., concur.

---

[2]Although the trial judge observed that the appellant and minor children were nonresidents and that the respondent was a resident at the "probate homestead" in Nevada, he did not enter his orders on the basis of those facts.