HUMANE SOCIETY OF CARSON CITY AND ORMSBY COUNTY and SOCIETY FOR ANIMAL RIGHTS, INC., Appellants, *v.* FIRST NATIONAL BANK OF NEVADA, Administrator with Will Annexed of Estate of George Whittell, Deceased; KENNETH J. ASHCRAFT and PETER W. LACEY, Trustees of said Estate, Respondents.

No. 8101

August 31, 1976                    553 P.2d 963

[Rehearing denied September 30, 1976]

*Frederick R. Rogers,* Carson City, and *Charles E. Springer,* Reno, for Appellants.

*Morrison & Foerster,* One Post Street, San Francisco, Ca. 94104; *Woodburn, Wedge, Blakey, Folsom & Hug,* and *Casey W. Vlautin,* Reno, for Respondents.

## OPINION

*Per Curiam:*

George Whittell died on April 17, 1969, leaving a sizeable estate located in California and Nevada. His will, which was

admitted to probate in the Superior Court of the State of California, County of San Mateo, and in the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, left the remainder of his estate to three organizations each to receive 25% of the total. The executors were given authority to allocate the remaining 25% among the organizations.

The beneficiary organization named in the will as "SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS (Local or National)" does not exist by name as a national society or a single local society. In the Nevada proceeding to construe testator's intent the district court followed the California (domiciliary state) court's determination that decedent intended to create a general charitable trust for distribution, with the executors as trustees to determine the allocation of the trust. Appellants contend the court erred by following the California decree which created a testamentary trust and that even if the creation of the trust was proper the trustees abused their discretion in allocating the funds. We do not agree.

The decree entered on October 20, 1971, by the district court directed the First National Bank of Nevada as administrator with will annexed and the executors, Kenneth Ashcraft and Bank of America, to form a committee as "trustee" to make an allocation of 25% of the residue estate. The decree required the trustee to determine the allocation of property and interest among all local or national organizations which are organized for humane purposes and which actively perform, or assist in performing, some or all of the functions of humane societies or societies for the prevention of cruelty to animals.

A superior court for the state of California had earlier appointed executors to perform the same functions. Appellants contend that both the California superior court and the Nevada district court impermissibly created the committee as trustee and the Nevada district court improperly recognized the trust created in California.

NRS 155.190 specifically allows an appeal from an order or decree instructing or appointing a trustee, instructing or directing an executor or administrator, or determining heirship or the persons to whom distribution should be made or trust property pass. No appeal was ever taken from the order entered on October 20, 1971, establishing the trust committee. We have no jurisdiction to review the validity of that order.

Luria v. Zucker, 87 Nev. 471, 488 P.2d 1159 (1971); United States v. McLean, 78 Nev. 60, 368 P.2d 872 (1962).

Appellant Humane Society of Carson City and Ormsby County contends that respondent trustees abused their discretion by failing to choose it to receive an allocation from the trust. Appellant further contends that the trustees' selections should have been disapproved because they favored wealthy societies contrary to the October 21, 1971 decree,[1] societies which permit animal euthanasia rather than those which provide for animal shelter, and organizations which would build educational buildings rather than animal shelters.

Appellant Society for Animal Rights contends that respondent trustees abused their discretion by failing to make any allocations for their legal program which is devoted to asserting and protecting the legal rights of animals. The Society supports its argument by citing the testimony of trustee Ashcraft who testified that he opposed the allocation because he considered the Society to have a litigious attitude and felt other humane groups would resent the Society considering itself the legal arm of the humane movement.

The October 20, 1971 decree which instructed the respondent trustees in the use of their discretion provided as follows: "The Trustee shall allocate said interests in such manner and in such proportions as in its judgment will best achieve the purpose of relieving pain and suffering among animal, bird and fish life and of preserving, improving and perpetuating animal, bird and fish life." The "trustee" was not instructed to allocate funds among all local or national organizations which are organized for humane purposes but to allocate in such a manner as in its judgment would achieve the purpose of the bequest.

A trustee's exercise of discretion is not subject to court control except to prevent an abuse of that discretion. The Restatement (Second) of Trusts § 187 (1959), states the rule as follows: "Where discretion is conferred upon the trustee with respect to the exercise of a power, its exercise is not subject to control by the court, except to prevent an abuse by the trustee of his discretion." See Estate of Flannery, 75 Cal.Rptr. 424

---

[1] Paragraph 7(b) of the October 21, 1971 decree provides:

"The Trustee shall consider each prospective beneficiary's financial needs, its ability to meet its need from other resources, its previous activities and accomplishments in furtherance of the trust purpose, its planned use of the funds received hereunder and the need for the planned project in the area to be served."

(Cal.App. 1969); Estate of Genung, 326 P.2d 861 (Cal.App. 1958); Estate of Greenleaf, 225 P.2d 945 (Cal.App. 1951).

A court is not permitted to substitute its judgment and discretion for that of the trustees so long as they act within proper limits. Estate of Greenleaf, supra. The court could not determine that appellants were more qualified to receive the allocations than the organizations chosen by the trustees. It could only determine whether the trustees could reasonably have chosen those organizations accepted for allocation. The record supports the district court's conclusion that the trustees made a conscientious investigation and exercised their discretion reasonably and in good faith.

Appellant Humane Society of Carson City and Ormsby County also objects to the district court's failure to permit the introduction of evidence relevant to the merits of appellant's claim at the hearing held to determine if the trustees had carried out the court's directive in preparing a plan for allocation and distribution. Appellant cites no authority to support its contention, and we need not consider it. Bradshaw v. General Electric Co., 91 Nev. 124, 531 P.2d 1358 (1975); General Electric Co. v. Bush, 88 Nev. 360, 498 P.2d 366 (1971). In any event, we perceive no error. The district court could not usurp the trustees' role and independently determine that other organizations such as the humane society of Carson City and Ormsby County were also proper and should receive allocations.

The decree of the district court is affirmed.