HOWARD M. GILBERT, APPELLANT, *v*. MARVEL M. WARREN, RESPONDENT.

No. 9800

May 8, 1979

594 P.2d 696

*Charlotte Hunter Arley,* Reno, for Appellant.

*Smith & Gamble, Ltd.,* Carson City, for Respondent.

## OPINION

By the Court, WENDELL, D. J.:[1]

This is an appeal from a district court judgment dismissing with prejudice all causes of action brought by appellant against respondent.

---

[1]The Governor designated the Honorable Michael J. Wendell, Judge of the Eighth Judicial District, to sit in the place of THE HONORABLE CAMERON M. BATJER, Justice, who was disqualified. Nev. Const. art. 6, § 4.

The parties to this appeal were married in Kentucky on September 29, 1969, at a time when respondent was pregnant. A child, Andrea, was born on November 14, 1969, in Springfield, Illinois. Her birth certificate names no father. The child's name as it appears on the birth certificate is Andrea Nicole Sigler. Thereafter, the couple, with Andrea, made their home in Ohio.

In May of 1970, the appellant entered into a land installment contract to sell a bowling alley and lounge which is conceded to have been property belonging to him prior to the marriage. Payments amount to $825 a month and will continue through 1985.

In early 1971, the couple moved to Reno, Nevada. The respondent, on April 5, 1973, filed a divorce action wherein it was alleged that there were no children of the marriage and that there were community rights and debts to be adjudicated by the court. Thereafter, on April 6, 1973, after reading the complaint, appellant executed a form of appearance and waiver together with a letter of instructions to respondent's attorney. That letter set forth certain terms upon which appellant conditioned his appearance, one of which being that the respondent pay the costs of Andrea's schooling. There is no evidence that respondent failed to comply with the conditions.

On April 24, 1973, the parties executed an agreement in contemplation of divorce "to settle the property rights between them." Under the provisions of the agreement, respondent received one-half of the proceeds of the sale of the bowling alley amounting to $412.50 per month, and assumed certain debts.

Appellant's appearance and waiver was filed April 27, 1973. His default was entered the same day. The divorce was heard on May 3, 1973. Respondent testified that there were no children of the marriage and that there were no community property rights or debts to be adjudicated. The agreement of April 24, 1973, was never before the district court. At that time, the court entered its judgment dissolving the marriage. The court found that there were no children of the marriage nor any property rights to be adjudicated.

Appellant brought this independent action on September 9, 1974, under NRCP 60(b) to set aside the divorce decree on the basis of fraud.[2]

---

[2]NRCP 60(b) provides in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud, misrepresentation or other misconduct of an adverse party which would have theretofore justified a court in sustaining a collateral attack upon the judgment. . . ."

After judgment was entered on May 3, 1976, dismissing with prejudice all claims and causes of action of appellant against respondent, appellant moved to re-open the trial to take additional evidence concerning the property agreement; to amend the complaint to seek reformation of the contract; and, to reconsider the question of extrinsic fraud. The motion was denied and judgment was entered on February 1, 1977, in favor of the respondent on her counterclaim. All causes of action brought by appellant were dismissed with prejudice; respondent was awarded judgment for arrearages under the agreement and it was ordered that the agreement be specifically enforced with costs to respondent. This appeal followed.

1. Appellant first contends the district court erred in dismissing the independent action to set aside the divorce decree under NRCP 60(b).

Relief from a final judgment on the ground of fraud must be brought within six months after the entry of the judgment. NRCP 60(b). In addition, the type of fraud contemplated under the six-month rule is intrinsic fraud. Manville v. Manville, 79 Nev. 487, 387 P.2d 661 (1963). Here, the relief sought in the district court was commenced more than fifteen (15) months after judgment was entered and was based upon extrinsic fraud. *See* Murphy v. Murphy, 65 Nev. 264, 193 P.2d 850 (1948).

Since at trial, appellant's counsel conceded that extrinsic fraud did not exist, and the record is devoid of any evidence to establish fraud, appellant has failed to demonstrate that the findings and judgment of the district court were in error. Where a question of fact has been determined by the district court, this court will not reverse unless the judgment is clearly erroneous. Kockos v. Bank of Nevada, 90 Nev. 140, 520 P.2d 1359 (1974); Fletcher v. Fletcher, 89 Nev. 540, 516 P.2d 103 (1973).

2. Appellant next argues that it was error for the district court to dismiss his motion to consider the action as one to modify a divorce decree under NRS 125.140(2) to provide for a child of the marriage.[3]

---

[3]NRS 125.140(2) provides:

"In actions for divorce the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance and support of such minor children as may seem necessary or proper and may at any time modify or vacate the same, even if the divorce was obtained by default without an appearance in the action by one of the parties.

NRS 125.140 confers broad discretionary powers upon the district court in determining questions of custody and support of minor children in divorce proceedings. Such determinations will not be disturbed on appeal in the absence of an abuse of discretion. Nichols v. Nichols, 91 Nev. 479, 537 P.2d 1196 (1975); Culbertson v. Culbertson, 91 Nev. 230, 533 P.2d 768 (1975); Buchanan v. Buchanan, 90 Nev. 209, 523 P.2d 1 (1974); Noble v. Noble, 86 Nev. 459, 470 P.2d 430 (1970); Fenkell v. Fenkell, 86 Nev. 397, 469 P.2d 701 (1970). It is the best interest and welfare of the child that governs the exercise of that judicial discretion. Fenkell v. Fenkell, *supra.*

Since nothing in the record reflects an abuse of judicial discretion, the district court's denial of the motion to modify the decree under NRS 125.140(2) will not be disturbed on appeal.

3. Appellant also contends the district court erred in dismissing his claim to modify or cancel the property settlement agreement.

In the divorce proceedings, the district court found that there were no property rights or debts to be adjudicated. Between the time of filing the complaint and the entry of the divorce decree, the parties entered into a property settlement agreement. However, that agreement was not merged into the divorce decree and, therefore, was not subject to modification by the district court in the absence of a stipulation by the parties. *See* Lam v. Lam, 86 Nev. 908, 478 P.2d 146 (1970). *Cf.* NRS 125.150(5).[4]

Appellant has raised other arguments to set aside the agreement. However, the arguments are not supported by authority and, therefore, we need not consider them. Humane Society v. First Nat'l Bk. of Nev., 92 Nev. 474, 553 P.2d 963 (1976).

4. The final argument advanced by appellant concerns the doctrine of *res judicata.* Appellant contends that dismissal of all causes of action should not act as *res judicata* on the matter of parentage.

The party seeking such order shall submit to the jurisdiction of the court for the purposes of this subsection. The court may make such an order upon the application of one of the parties or the legal guardian of the minor."

[4]NRS 125.150(5) provides:

"5. If the court adjudicates the property rights of the parties, or an agreement by the parties settling their property rights has been approved by the court, whether or not the court has retained jurisdiction to modify the same, such adjudication of property rights, and such agreements settling property rights, may nevertheless at any time thereafter be modified by the court upon written stipulation duly signed and acknowledged by the parties to such action, and in accordance with the terms thereof."

The doctrine of *res judicata* bars "subsequent litigation between the parties or their privies involving identical causes of action." Estate of Firsching v. Ferrara, 94 Nev. 252, 254, 578 P.2d 321, 322 (1978). *See* Clark v. Clark, 80 Nev. 52, 389 P.2d 69 (1964). In the present case, a cause of action to establish Andrea's parentage was not before the district court.[5] Accordingly, *res judicata* does not apply and that cause of action should have been dismissed without prejudice. To that extent, the district court's judgment is modified. In all other respects, the judgment is affirmed.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.

---

[5] In order for the district court to have considered the matter of parentage, a cause of action would have to have been instituted pursuant to NRS 41.530, which provides:

"1. An action may be brought for the purpose of having declared the existence or nonexistence between the parties of the relation of parent and child, by birth or adoption.

"2. Any such action shall be entitled 'In the Matter of the Parental Relation of .................... and ......................' Notice of the bringing of the action shall be served, in the manner provided by law and the Nevada Rules of Civil Procedure for the service of process, upon each of the following persons if living:

"(a) The child whose parentage it is sought to establish; and

"(b) Each known or alleged parent, except a parent who has brought the action."