IN THE MATTER OF THE ESTATE OF MAJOR A. RIDDLE, DECEASED, ALL HEIRS IN THE ABOVE ENTITLED ACTION EXCEPT MARION M. RIDDLE, APPELLANTS, *v.* MELVIN D. CLOSE, JR., EXECUTOR OF THE ESTATE OF MAJOR A. RIDDLE, RESPONDENT.

No. 14488

August 31, 1983                                              668 P.2d 290

---

[4]This amount includes interest on the unpaid portion of the tax represented by the disallowed dealer deduction.

*Harding & Dawson,* and *James E. Smith,* Las Vegas, for Appellants.

*Jones, Jones, Bell, Close & Brown,* Las Vegas; *O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears,* Phoenix, Arizona, for Respondent.

## OPINION

*Per Curiam:*[1]

On May 31, 1983, this court issued an order directing the parties to file points and authorities addressing the timeliness of this appeal. Both parties have filed responses.

A notice of appeal was filed July 30, 1982, from a series of eleven orders entered by the district court between July 10, 1980 and December 21, 1981. The orders concerned the disposition of the estate of Major A. Riddle.

The orders appealed from were interlocutory probate orders not encompassed within NRAP 3A(b), which sets forth the determinations from which, generally, appeals may be taken. These probate orders were thus appealable only by virtue of NRS 155.190,[2] under which an appeal must be taken within

---

[1] JUSTICE STEFFEN has voluntarily disqualified himself from consideration of this appeal.

[2] NRS 155.190 provides:

In addition to any order or decree from which an appeal is expressly permitted by this Title, an appeal may be taken to the supreme court within 30 days after its entry, from an order or decree:

1. Granting or revoking letters testamentary or letters of administration.

2. Admitting a will to probate or revoking the probate thereof.

thirty days of the date of entry of the order appealed from. Appellants argue, however, that the statute must be read in conjunction with NRAP 4(a),[3] so that the time for filing a notice of appeal did not begin to run until respondent served appellants with written notice of the entry of the orders. We disagree.

We perceive no reason why the legislature, having granted a right to appeal where it did not otherwise exist, should not be free to place restrictions upon the exercise of that right. *See, e.g.,* NRS 177.015(2) (state granted limited right to appeal from order granting or denying a motion to suppress evidence, but notice of appeal must be filed with clerk of district court within two judicial days).

This is not a situation where there is a conflict between a general rule of this court and a general statute, each of which clearly applies to an appeal. *See, e.g.,* State v. Connery, 99 Nev. 342, 661 P.2d 1298 (1983). Rather, the legislature has determined that certain probate orders are appealable so long as the appeal is taken within thirty days after the entry thereof. As the notice of appeal was filed more than thirty days after the entry of each of the orders here at issue, the appeal was untimely in its entirety. Respondent's subsequent notice of entry of those orders had no legal effect, and could not serve to extend the statutory time for appeal. Appellants' other contentions have been considered and are without merit.

Accordingly, this appeal is dismissed.[4]

. . . .

6.   Directing or authorizing the sale or conveyance or confirming the sale of property.

. . . .

Respondent contends that certain of the orders appealed from were unappealable under NRAP 3A *or* NRS 155.190. In light of our determination that the appeal is untimely as to all of the orders, we need not address this contention.

[3]NRAP 4(a) provides, in pertinent part, that the notice of appeal in a civil case "shall be filed . . . within thirty (30) days of the date of service of written notice of the entry of the judgment or order appealed from."

[4]In light of our disposition of this appeal, we need not rule on appellants' motion to supplement the record on appeal or respondent's motion to strike appellants' brief and dismiss this appeal.