IN THE MATTER OF THE ESTATE OF DUNCAN
MILLER, DECEASED.

SHEILA COLE, MURIEL GROVES AND PATRICIA
POUSETTE, APPELLANTS, *v.* PUBLIC ADMINISTRATOR,
JARED SHAFER, FOR AND ON BEHALF OF THE ESTATE
OF DUNCAN MILLER, DECEASED, JOYCE CONWAY,
MARGOT YOUNG, GWYNETH BENTALL, AND
AUBREY CATLEY, RESPONDENTS.

No. 24740

January 17, 1995                          888 P.2d 433

*Jeffrey L. Burr & Associates,* and *John E. Dawson,* Las Vegas, for Appellants.

*Herbert L. Waldman,* Henderson, for Respondent Jared Shafer.

*Brent A. Larsen,* Las Vegas, for Respondents Young and Catley.

*Lionel Sawyer and Collins* and *Mark Solomon,* Las Vegas, for Respondent Bentall.

*Israel L. Kunin,* Las Vegas, for Respondent Conway.

## OPINION

*Per Curiam:*

This is an appeal from an interlocutory order of the district court approving the partial distribution of estate assets totaling approximately $2.6 million. Respondents have moved to dismiss this appeal for lack of jurisdiction. Appellants oppose the motion. For the reasons stated below, we grant respondents' motion, vacate the stay previously imposed by this court, and dismiss this appeal for lack of jurisdiction.

### FACTS

Duncan Miller died intestate in Clark County, Nevada, on January 22, 1992. Respondent Jared Shafer, the Clark County Public Administrator, was appointed the administrator of the decedent's Nevada estate. On June 25, 1993, Shafer petitioned

the district court for a preliminary, partial distribution of estate assets to respondents Conway, Young, Bentall, and Catley, the decedent's four living first cousins and sole surviving heirs under this state's law of intestate succession.[1] Appellants Sheila Cole, Muriel Groves, and Patricia Pousette objected to the partial distribution, primarily on the ground that the petition for partial distribution involved assets derived from the prior sale of real property holdings in jurisdictions where appellants could be considered within the line of intestate succession. Appellants are the decedent's first cousins once removed.

The district court conducted a hearing on the petition for partial distribution on June 25, 1993. Thereafter, appellants were apparently informed that the district court was contemplating granting the petition. Consequently, on July 2, 1993, appellants filed a motion requesting a stay pending appeal in the event that the district court approved the requested distribution. On July 22, 1993, the district court entered an order granting the petition and approving the requested partial distribution of estate assets in the amount of $650,000 to each of the four respondent heirs. Respondents served notice of entry of this order on appellants' counsel by mail on July 23, 1993.

On August 4, 1993, thirteen days after entry of the order of partial distribution and twelve days after service of notice of entry of the order, appellants filed and served a motion requesting the district court to amend the findings of fact and conclusions of law in its order of July 22, 1993. Appellants asserted that their motion was "made and based upon Rule 59(e) and Rule 52 of the Nevada Rules of Civil Procedure."

The minutes of the proceedings below reflect that, on August 13, 1993, the district judge conducted a hearing on appellants' prior motion for a stay pending appeal. At the conclusion of that hearing, the district judge announced from the bench that he would deny appellants' motion for a permanent stay pending appeal, but that he would grant appellants a temporary thirty-day stay to permit them an opportunity to apply to this court for a stay pending appeal.

---

[1]The district court entered an order on February 9, 1993, ruling that the above-named respondents are the sole heirs to the decedent's estate pursuant to NRS 134.070. The court further ruled that appellants were not heirs within the meaning of NRS 134.070 and could not be considered within the line of intestate succession defined by that statute. As respondents observe, because appellants did not appeal from the district court's order of February 9, 1993, establishing heirship, the determinations in that order became final thirty days after the entry of the order and are no longer subject to attack by appeal or otherwise. *See* In re Herrmann, 100 Nev. 1, 22, 677 P.2d 594, 607 (1984); Humane Society v. First Nat'l Bk. of Nev., 92 Nev. 474, 553 P.2d 963 (1976); Luria v. Zucker, 87 Nev. 471, 488 P.2d 1159 (1971).

A subsequent hearing concerning appellants' motion to amend the findings of fact and conclusions of law was conducted in the district court on August 27, 1993. The minutes reflect that at the conclusion of that hearing, the district judge orally denied appellants' motion to amend.

On September 1, 1993, appellants filed a notice of appeal from the district court's order of July 22, 1993, approving a partial distribution of the estate assets. In response to appellants' emergency motion for a stay, this court entered an order on September 13, 1993, temporarily staying the district court's order of partial distribution until further order of this court. Thereafter, respondents filed a motion to dismiss this appeal for lack of jurisdiction. Appellants oppose the motion.

## DISCUSSION

Preliminarily we note that the record on appeal and the other documents tendered by the parties fail to reflect the district court's entry of a written order denying appellants' motion to amend. Nevertheless, appellants' counsel represents that the district court denied the motion in a written order entered on August 30, 1993. Our review of the record on appeal and the documents before us reveals, however, that the order to which counsel refers was solely and exclusively concerned with appellants' motion for a stay pending appeal. There are no documents in the record on appeal, or in the materials and exhibits submitted by the parties, establishing that the district court has ever entered a written order resolving the motion to amend.

More specifically, in an affidavit filed in this court on September 10, 1993, appellants' counsel avers that the district court denied appellants' motion to amend findings of fact and conclusions of law in an order entered on August 30, 1993. Counsel avers that "a true and correct copy" of the August 30, 1993, order is attached to his affidavit "as Exhibit C." Another copy of this same order is contained in the record on appeal. Neither of these copies, however, reflects the file-stamp of the district court clerk. See NRAP 4(a)(3) (an order is entered within the meaning of this rule when it is signed by the judge and filed by the clerk); see also NRCP 58(c) (no judgment is effective for any purpose until it is signed by the judge and filed with the clerk). Nor do these copies contain any certification by the district court clerk as to their authenticity.

More importantly, the order to which counsel refers does not resolve appellants' motion to amend. It specifically and exclusively addresses appellants' motion for a stay pending appeal and does not even mention appellants' motion to amend. Further,

neither the record on appeal nor the materials and exhibits submitted by the parties contain any written order of the district court formally resolving appellants' motion to amend. Thus, even assuming that appellants correctly contend that their motion to amend effectively tolled the running of the appeal period provided in NRS 155.190—a contention which we reject in the discussion that follows—appellants have failed to demonstrate that they properly invoked this court's jurisdiction to entertain this appeal. *See* NRAP 4(a)(2) (a notice of appeal filed before the formal disposition of any timely tolling motion "shall have no effect"; a notice of appeal "must be filed after the entry of a written order" resolving any timely motion filed pursuant to NRCP 50(b), NRCP 52(b), or NRCP 59); *see also* Rust v. Clark Cty. School District, 103 Nev. 686, 747 P.2d 1380 (1987) (premature notice of appeal fails to vest jurisdiction in supreme court).

Respondents contend in any event that this appeal must be dismissed because appellants' motion to amend the district court's findings of fact and conclusions of law did not operate so as to toll the running of the thirty-day appeal period provided in NRS 155.190.[2] Therefore, respondents argue, appellants' notice of appeal was untimely filed and failed to vest jurisdiction in this court to entertain this appeal.[3] *See* In re Herrmann, 100 Nev. 1, 20-22, 677 P.2d 594, 606-608 (1984); In re Estate of Riddle, 99 Nev. 632, 633-34, 668 P.2d 290, 291 (1983).

Appellants contend, on the other hand, that in accordance with NRAP 4(a)(2),[4] they filed a timely motion to amend pursuant to

---

[2]NRS 155.190 provides in pertinent part that an appeal to the supreme court may be taken from any one of thirteen specified interlocutory probate orders "within 30 days after its entry." An order "[d]istributing property" is one of the listed appealable determinations.

[3]Respondents also contend that because appellants did not appeal from the district court's order of February 9, 1993, establishing heirship, this court lacks jurisdiction to entertain the instant appeal from the order of partial distribution. Specifically, respondents contend that the order establishing heirship has now become final and is no longer subject to appellants' claims of "ancillary heirship" asserted in this appeal. *See, e.g.,* In re Herrmann, 100 Nev. 1, 22, 677 P.2d 594, 607 (1984); Humane Society v. First Nat'l Bk. of Nev., 92 Nev. 474, 553 P.2d 963 (1976); Luria v. Zucker, 87 Nev. 471, 488 P.2d 1159 (1971). In light of our conclusion that the instant appeal is untimely, we find it unnecessary to resolve this contention.

[4]NRAP 4(a)(2) provides in part:

The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the district court by any party pursuant to the Nevada Rules of Civil Procedure hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from the date of service of written notice of entry of any of the following orders made upon a

NRCP 52(b) and NRCP 59. Appellants assert that this motion operated to toll the time for filing the notice of appeal provided in NRS 155.190. We disagree, and we conclude that appellants' motion to amend did not toll the statutory time period established in NRS 155.190, within which appellants were required to file their notice of appeal.

In *Herrmann*, this court addressed the timeliness of a motion, filed pursuant to NRCP 52(b), purportedly seeking to alter or amend an order of the district court awarding attorney's fees in a probate proceeding. The order that was the subject of the motion to alter or amend at issue in *Herrmann* had been entered many months prior to the filing of the motion. This court rejected as "totally untenable" respondent Herrmann's contention that the time within which a party must file an NRCP 52(b) motion to alter or amend an interlocutory probate order designated as appealable in NRS 155.190 does not begin to run until the party has been served with notice of entry of the order. Specifically, this court held:

> NRS 155.190 explicitly directs that an appeal may be taken "within *30 days* after its *entry*" from any order or decree mentioned therein, including any "[d]irecting or allowing the payment of a debt, claim, legacy or attorney's fee." (Emphasis added.) And this court has specifically held that unless appeal is taken within 30 days, an order of the kinds mentioned in NRS 155.190 is not thereafter subject to attack. Luria v. Zucker, 87 Nev. 471, 488 P.2d 1159 (1971). Thus, it appears obvious from the probate code itself that the time for respondent Herrmann to challenge Judge Waters' order, either by appeal or otherwise, had expired many months before the "motion" was filed.
>
> Nonetheless, respondent Herrmann has adopted the stance that the words "within 30 days after its *entry*" in NRS 155.190, which governs probate proceedings, should be construed in conformity with NRAP 4(a) which governs appeals in ordinary civil actions. . . . . Herrmann's present counsel assumes that Herrmann had 30 days after "written notice of the entry" to appeal from Waters' order, in accord with NRAP 4(a), and had 10 days from "written notice of the entry" in which to file a motion to amend or alter Judge

---

timely motion under such Rules: (i) granting or denying a motion for judgment under N.R.C.P. 50(b); (ii) granting or denying a motion under N.R.C.P. 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) granting or denying a motion under N.R.C.P. 59 to alter or amend the judgment; (iv) granting or denying a motion for a new trial under N.R.C.P. 59. . . .

Waters' order, in accord with NRCP 52(b). In essence, then, it is respondent Herrmann's position that, because [opposing counsel] did not serve his former counsel with an express, formal written notice of the order Judge Waters entered . . . Herrmann's time to challenge the order never began to run. This stance is totally untenable.

*Herrmann,* 100 Nev. at 21-22, 677 P.2d at 607.

This court specifically observed in *Herrmann,* that "[i]n the case of In re Estate of Riddle, 99 Nev. 632, 634, 668 P.2d 290 (1983), *this court explicitly rejected identical contentions that the notice-of-entry provisions of NRCP and NRAP should be superimposed on NRS 155.190." Herrmann,* 100 Nev. at 22, 677 P.2d at 607 (emphasis added). The issue in *Riddle* involved the timeliness of an appeal from a series of interlocutory probate orders. The notice of appeal was filed more than thirty days after the entry of the orders appealed from. In concluding that the notice of appeal failed to invoke this court's jurisdiction to entertain the appeal, we held:

> The orders appealed from were interlocutory probate orders not encompassed within NRAP 3A(b), which sets forth the determinations from which, generally, appeals may be taken. *These probate orders were thus appealable only by virtue of NRS 155.190, under which an appeal must be taken within thirty days of the date of entry of the order appealed from.* Appellants argue, however, that the statute must be read in conjunction with NRAP 4(a), so that the time for filing a notice of appeal did not begin to run until respondent served appellants with written notice of the entry of the orders. We disagree.
>
> We perceive no reason why the legislature, having granted a right to appeal where it did not otherwise exist, should not be free to place restrictions upon the exercise of that right.
> . . .
> This is not a situation where there is a conflict between a general rule of this court and a general statute, each of which clearly applies to an appeal. *See, e.g.,* State v. Connery, 99 Nev. 342, 661 P.2d 1298 (1983). Rather, the legislature has determined that certain probate orders are appealable so long as the appeal is taken within thirty days after the entry thereof. *As the notice of appeal was filed more than thirty days after the entry of each of the orders here at issue, the appeal was untimely in its entirety. Respondent's subsequent notice of entry of those orders had no legal effect, and could not serve to extend the statutory time for appeal.*

*Riddle,* 99 Nev. at 633-34, 668 P.2d at 290-91 (footnotes and citations omitted; emphasis added). Thus, in both *Herrmann* and *Riddle,* this court concluded that the notice-of-entry provisions of NRAP 4(a) cannot be engrafted upon the statutory appeal period provided in NRS 155.190, and do not operate so as to extend the time for filing a notice of appeal.

We conclude that the reasoning of *Herrmann* and *Riddle* is persuasive and controlling as to the issue presented in this appeal. It follows logically from that reasoning that the timely filing of one or more of the tolling motions identified in NRAP 4(a)(2) does not operate so as to toll the time for filing a notice of appeal beyond the period provided in NRS 155.190. A contrary conclusion would wholly undermine the clear legislative intent underlying NRS 155.190 to expedite probate proceedings by restricting the time for appeal from certain interlocutory probate orders to a lesser period than is otherwise provided in ordinary civil appeals. Moreover, to adopt appellants' position that the time to file an NRAP 4(a)(2) tolling motion does not begin to run until the date of service of notice of entry would be entirely inconsistent with our prior holdings in *Herrmann* and *Riddle* that the notice-of-entry provisions of NRAP 4(a) cannot be read so as to extend the statutory appeal period set forth in NRS 155.190.

Appellants nonetheless contend that NRS 155.180 supports a conclusion that their appeal is timely. NRS 155.180 provides:

> When not otherwise specially provided in this Title, *all the provisions of law* and the Nevada Rules of Civil Procedure regulating proceedings in civil cases apply in matters of estate, *when appropriate,* or the same may be applied as auxiliary to the provisions of this Title.

(Emphasis added.) Thus, appellants argue that the "provisions of law" set forth in NRAP 4(a)(2) should be read to apply to appeals from the interlocutory probate determinations enumerated in NRS 155.190. We disagree. As discussed above, the tolling provisions of NRAP 4(a)(2) cannot be applied "appropriately" or consistently with the express legislative direction in NRS 155.190 or with the obvious legislative intent underlying that provision.

Appellants also rely on this court's decision in French v. French, 91 Nev. 248, 250, 533 P.2d 1357, 1358 (1975). In *French,* this court observed that an NRCP 52(b) motion to amend "preserved" the appellant's right to appeal from the interlocutory probate orders which the appellant was attempting to amend. At the time this court's opinion in *French* was issued, however, NRS 155.190 simply provided that an appeal from the specified probate orders "may be taken to the supreme court." Thus, at the

time *French* was decided, NRS 155.190 did not mandate an expedited appeal period, and this court's decision was entirely consistent with the statute as it read at the time. After this court's decision in *French,* the legislature amended NRS 155.190 to provide that an appeal from a specified order "may be taken to the supreme court *within 30 days after its entry." See* 1981 Nev. Stat. ch. 236, § 2 at 463. In amending the statute, the legislature effectively overruled that part of the *French* decision suggesting that an NRCP 52(b) motion "preserved" the appellant's right to appeal from the orders enumerated in NRS 155.190. Therefore, *French* can no longer be read to support appellants' position.

Finally, appellants correctly note that the precise issue resolved in this opinion is one of first impression in this court. Appellants contend that, as such, and because the law is "somewhat ambiguous," they "should not lose a right to have their issues heard on appeal by trick of some statute." Appellants maintain that they "intended to comply with the jurisdictional rules in order that [this court] could render a decision on the merits of the case." Therefore, appellants request this court to rule that "jurisdiction lies in this appeal and that the Nevada Rules of Appellate Procedure governing tolling are applicable to NRS 155.190."

As noted above, however, appellants did not comply with the jurisdictional rules defined in NRAP 4(a)(2) regarding tolling motions. Even assuming, for the sake of argument, that pursuant to NRAP 4(a)(2), appellants' motion to amend effectively tolled the running of the appeal period provided in NRS 155.190, appellants have nonetheless failed to demonstrate that this court's jurisdiction to entertain this appeal has been properly invoked under the provisions of NRAP 4(a)(2).

Moreover, we are of the view that this court's decisions in *Herrmann* and *Riddle* adequately and logically foreshadowed the ruling we announce today. At the very least, our prior holding that the notice-of-entry provisions of NRAP 4(a) cannot be engrafted upon the statutory appeal period provided in NRS 155.190 should have placed appellants on notice that their notice of appeal might not be considered timely if it was not filed within the statutory period. Such action, followed by a timely notice of appeal from a written order resolving their motion to amend, would have preserved appellants' right to appeal regardless of how this court resolved the issue presented herein. Therefore, we reject appellants' contention.

## CONCLUSION

For the reasons stated, we conclude that the tolling provisions of NRAP 4(a)(2) are inapplicable to appeals permitted by NRS 155.190, and that therefore, appellants' notice of appeal was

untimely filed. An untimely notice of appeal fails to vest jurisdiction in this court to entertain the appeal. Accordingly, we grant respondents' motion to dismiss, we dismiss this appeal for lack of jurisdiction, and we vacate the stay previously imposed by this court on September 13, 1993.[5] Further, we direct the clerk of this court issue the remittitur forthwith.

---

[5]In light of this decision, we deny as moot all pending motions and requests for relief, including the request set forth in the stipulation of the parties filed in this court on December 30, 1994.

The Honorable Cliff Young, Justice, did not participate in the decision of this appeal.